# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC B. FEIGENBAUM,[1]
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
PH-0752-13-1518-I-1

DATE: July 28, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Eric B. Feigenbaum, Indian Head, Maryland, pro se.

Omari O. Jackson, Esquire, Portsmouth, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation, *Indian Head NHR3 v. Department of the Navy*, MSPB Docket No. PH-0752-14-0067-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant is an ND-0855-04 Engineer for the agency's Naval Surface Warfare Center Indian Head Division (NSWCIHD).  *Feigenbaum v. Department of the Navy*, MSPB Docket No. PH-0752-13-1518-I-1, Initial Appeal File (IAF), Tab 1 at 6.  On June 24, 2013, the agency issued a decision to furlough the appellant for up to 11 days between July 8, and September 28, 2013.[3]  *Id*. at 12-13.  On July 23, 2013, the appellant appealed his furlough to the Board. IAF, Tab 1.  The administrative judge consolidated the appellant's appeal with furlough appeals filed by sixty-five other appellants.  *Indian Head NHR3 v. Department of the Navy*, MSPB Docket No. PH-0752-14-0067-I-1, Consolidated Appeal File (CAF), Tab 1.  None of the appellants requested a hearing or raised any cognizable affirmative defenses.  CAF, Tab 12, Initial Decision (ID) at 2, 7, & n.5.  On April 9, 2015, the administrative judge issued an initial decision, finding that the furloughs were a reasonable management solution to an agency

---

[3] The agency ultimately furloughed the appellant for a total of 6 days.  IAF, Tab 3 at 5.

budget shortfall arising out of the sequestration mandated by 2 U.S.C. § 901a, and that the agency effected the furloughs in a fair and even manner.  ID at 8-14.

¶3      On April 13, 2015, the appellant electronically filed an initial appeal form with the Board's Central Regional Office that appeared to pertain to the same furlough action addressed in the initial decision discussed above.  Petition for Review (PFR) File, Tab 1.  The Board notified the appellant that it construed this filing as a petition for review of that initial decision.  PFR File, Tab 2.  The appellant has not objected to that characterization.  In his petition for review, the appellant argues that he should not have been furloughed because the NSWCIHD, where he is employed, is a Working Capital Fund (WCF) organization.  PFR File, Tab 1 at 3.  The agency has filed a response in opposition.  PFR File, Tab 4.

¶4      For the reasons explained in the initial decision, we agree with the administrative judge that it is immaterial that the appellant's salary comes from a WCF.  ID at 12-14.  The Board has found that, regardless of whether a WCF is subject to sequestration, the law does not shield employees paid from WCF accounts from being furloughed and that savings in WCF accounts may be used to offset shortfalls in other areas of the agency's budget that are subject to sequestration.  *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶¶ 13-18 (2015).  The Board further found that the agency's action of furloughing WCF employees to make additional funds available for its budget as a whole was a reasonable management solution to the financial restrictions imposed by sequestration and therefore was taken for such cause as to promote the efficiency of the service.  *Id.*, ¶¶ 16, 18 & n.5.  The appellant has not identified any material factual distinction between his situation and the appellant's situation in *Einboden*, and our review of the record reveals no such distinction.  We find that the appellant's argument on review constitutes mere disagreement with the initial decision.  *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980).  For these reasons, the petition for review is denied.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.